IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-07-H-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| JOSEPH ALFRED EDWARD L. TORRES, | |
| Defendant. | |

## I.     Synopsis

Defendant Joseph Alfred Edward L. Torres (Torres) has been accused of violating the conditions of his supervised release. (Docs. 42 and 47). Torres admitted the alleged violations. Torres's supervised release should be revoked. Torres should be sentenced to custody for 4 months with 32 months of supervised release to follow. During the term of his supervised release, Torres shall be placed in a residential re-entry center at the direction of his probation officer.

## II.   Status

Torres pled guilty on October 1, 2020, to the offense of Prohibited Person in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § § 922(g)(1), 924(a)(2) as charged in Count 2 of the Indictment. (Doc. 23). Torres was sentenced to 38 months of custody, with 3 years of supervised release to follow. (Doc. 38). Torres's current term of supervised release began on May 10, 2024.

### Petition

On December 2, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Torres's supervised release. (Doc. 42). The Petition alleged Torres violated conditions of his supervised release by: (1) testing positive for methamphetamine on November 5, 2025, and admitting to using methamphetamine daily for the past week, and further by testing positive for methamphetamine on November 24, 2025, and admitting to using methamphetamine daily for the past week; (2) failing to report for substance abuse testing on November 18, 2025, and November 21, 2025; (3) failing to report for substance abuse treatment sessions on June 11, 2024, and November 26, 2025; and (4) failing to report for random urinalysis on November 19, 2025, and failing to report to his probation officer as directed on November 20, 2025.

### Amended Petition

On February 27, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Torres's supervised release. (Doc. 47). The Amended Petition alleged Torres had additionally violated the conditions of his supervised release by: (5) committing the misdemeanor offense of Possession of a Controlled Substance, marijuana, during December of 2025, in Powder County, Idaho; and (6) on December 1, 2025, traveling outside his assigned district to American Falls, Idaho, without the permission of his probation officer.

**Initial Appearance**

Torres appeared before the Court on March 2, 2026.  Torres was represented by counsel.  Torres stated that he had read the Petition and that he understood the allegations against him.  Torres waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Torres appeared before the Court on March 2, 2026.  Torres admitted that he had violated the conditions of supervised release as set forth in the Petition.  Torres' admitted violations, 1-6, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Torres appeared before the Court on March 2, 2026. Torres's violations are Grade C.  His criminal history category is IV.  Torres's underlying offense is a Class C felony.  Torres could be incarcerated for up to 24 months.  Torres could be ordered

to remain on supervised release for 36 months less any custody time.  The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Torres' supervised release should be revoked.  Torres should be sentenced to custody for 4 months, with 32 months of supervised release to follow. During the term of his supervised release, Torres shall be placed in a residential re-entry center at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Torres that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Torres of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Torres that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Torres waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That JOSEPH ALFRED EDWARD L. TORRES has violated the conditions of his supervised release by: (1) testing positive for methamphetamine on November 5, 2025, and admitting to using methamphetamine daily for the past week, and further testing positive for methamphetamine on November 24, 2025, and admitting to using methamphetamine daily for the past week; (2) failing to report for

substance abuse testing on November 18, 2025, and November 21, 2025; (3) failing to report for substance abuse treatment sessions on June 11, 2024, and November 25, 2025; (4) failing to report for random urinalysis on November 19, 2025, and failing to report to his probation officer as directed on November 20, 2025; (5) committing the misdemeanor offense of Possession of a Controlled Substance, marijuana, during December of 2025 in Powder County, Idaho; and (6) on December 1, 2025, traveling outside his assigned district to American Falls, Idaho, without the permission of his probation officer.

The Court **RECOMMENDS:**

That the District Court revoke Torres's supervised release and sentence Torres to custody for 4 months, with 32 months of supervised release to follow.  During the term of his supervised release, Torres shall be placed in a residential re-entry center at the direction of his probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 2nd day of March 2026.


John Johnston
United States Magistrate Judge