IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-07-H-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| JOSEPH ALFRED EDWARD L. TORRES, | |
| Defendant. | |

## I.    Synopsis

Defendant Joseph Alfred Edward L. Torres (Torres) has been accused of violating the conditions of his supervised release. (Doc. 57). Torres admitted most of the alleged violations. Torres's supervised release should be revoked. Torres should be sentenced to custody until October 30, 2026, with 28 months of supervised release to follow. Upon release, Torres shall be placed in an in-patient substance abuse treatment facility such as Connections Corrections, for up to 60 days at the direction of his probation officer.  Upon completion of substance abuse treatment, Torres shall be placed in a residential re-entry center for up to 180 days at the direction of his probation officer.

## II.    Status

Torres pled guilty on October 1, 2020, to the offense of Prohibited Person in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § § 922(g)(1), 924(a)(2) as charged in Count 2 of the Indictment. (Doc. 23). Torres was sentenced to 38 months of custody, with 3 years of supervised release to follow. (Doc. 38). Torres's current term of supervised release began on June 12, 2026.

### Petition

On June 23, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Torres's supervised release. (Doc. 57). The Petition alleged Torres violated conditions of his supervised release by: (1) using methamphetamine on June 21, 2026; (2) consuming alcohol on June 22, 2026; (3) communicating or interacting with Maria Sandoval, a convicted felon, without the permission of his probation officer; and (4) failing to notify his probation office within ten days of a change in residence from his approved residence.

### Initial Appearance

Torres appeared before United States Magistrate Tim Cavan on June 23, 2026. Torres was represented by counsel.  Torres stated that he had read the Petition and that he understood the allegations against him.  Torres waived his right to a preliminary hearing.  Judge Cavan scheduled Torres' revocation hearing for July 1, 2026.

**Revocation hearing**

Torres appeared before the Court on July 1, 2026.  Torres requested the hearing be continued.  The Court continued the hearing until July 14, 2026, at 10:30 a.m., which was subsequently rescheduled for July 13, 2026, at 1:30 p.m.

**Second Revocation hearing**

Torres appeared before the Court on July 13, 2026. The parties consented to proceed with the revocation hearing before the undersigned.  Torres admitted that he had violated the conditions of supervised release as set forth in allegations 1, 2 and 4 of the Petition.  The Government moved to dismiss allegation 3, which the Court granted.  Torrres' admitted violations, 1, 2 and 4, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Torres appeared before the Court on July 13, 2026. Torres's violations are Grade C.  His criminal history category is IV.  Torres's underlying offense is a Class C felony.  Torres could be incarcerated for up to 24 months.  Torres could be ordered to remain on supervised release for 32 months less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Torres' supervised release should be revoked.  Torres should be sentenced to custody until October 30, 2026, with 28

months of supervised release to follow. Upon release, Torres shall be placed in an in-patient substance abuse treatment facility such as Connections Corrections, for up to 60 days at the direction of his probation officer. Upon completion of substance abuse treatment, Torres shall be placed in a residential re-entry center for up to 180 days at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Torres that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Torres of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Torres that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Torres waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That JOSEPH ALFRED EDWARD L. TORRES has violated the conditions of his supervised release by: (1) using methamphetamine on June 21, 2026; (2) consuming alcohol on June 22, 2026; and (4) failing to notify his probation office within ten days of a change in residence from his approved residence.

The Court **RECOMMENDS:**

That the District Court revoke Torres's supervised release and sentence Torres to custody until October 30, 2026, with 28 months of

supervised release to follow. Upon release, Torres shall be placed in an in-patient substance abuse treatment facility such as Connections Corrections, for up to 60 days at the direction of his probation officer. Upon completion of substance abuse treatment, Torres shall be placed in a residential re-entry center for up to 180 days at the direction of his probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 16th day of July 2026.

John Johnston
United States Magistrate Judge